[No. 4017.]

## RITTER V. IDLER.

1. EVIDENCE—*Declarations—Non-Judicial*, are not evidence against a third person who was not present. (561)

2. DECEIT—*Who Liable*. Misrepresentations by one who contracts in his own name for the sale of the lands of another do not charge the owner of the land unless the vendor is shown to have been the agent of such owner. (561)

3. PRINCIPAL AND AGENT—*Evidence of Agency*. It seems that the mere fact that the owner of land executes a conveyance thereof, pursuant to the contract of another, is not even *prima facie* evidence that the vendor was agent of the land owner. (561)

*Error to Bent District Court.* HON. HENRY HUNTER, Judge.

MR. GRANBY HILLYER for plaintiff in error.

MR. C. C. GOODALE, MR. H. L. LUBERS for defendant in error.

CUNNINGHAM, P. J., rendered the opinion of the court.

The controversy in this case arose over the sale to the plaintiff in error Ritter of 160 acres of land in Bent County. Idler was the owner of record of the land. The sale to Ritter, who was the plaintiff below, was negotiated by D. H. Bane, apparently acting for a real estate agency or a company known as D. H. Bane & Co. Plaintiff Ritter brought his action against Idler to recover damages against the latter for alleged false representations made to him, Ritter, by Bane, concern-

ing the water rights incident to the land in question, and concerning the amount of the land that could be irrigated. Here was no contention made on behalf of plaintiff that the defendant Idler made any representations whatever to Ritter concerning the land, prior to the time Ritter had entered into a written agreement with Bane to purchase the same; hence the plaintiff can recover from Idler only upon the theory that Bane was the latter's agent.

At the conclusion of plaintiff's case the trial judge instructed the jury to render a verdict in behalf of the defendant, apparently upon the ground that plaintiff had failed to introduce evidence of Bane's agency sufficient to take the case to the jury on that point. We have examined the original record with care and are satisfied that the trial court's conclusion was correct. The only evidence tending to show that Bane in selling the land to Ritter acted as the agent of Idler is found in the fact that the record title to the land stood in Idler and he executed the deed to Ritter. The written contract of purchase and sale which was introduced in evidence was between D. H. Bane & Co. and Ritter alone. Bane himself was not called to the stand by the plaintiff, and his declaration said to have been made out of court to Ritter that Idler owned the land was not competent evidence to prove agency.

Having reached the conclusion that the trial court was right in ruling that there was no competent evidence to establish Bane's agency, it is unnecessary to consider whether in the sale of the land Bane made false representations, or whether if he made false representations the same were of a character that would support an action for damages.

The judgment of the trial court is affirmed.

MORGAN, J., dissenting.